# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARCH BAY HOLDINGS, LLC-SERIES 2010B, <br><br> Plaintiff, <br><br> v. <br><br> REGINA R. HEIDINGER, et al., <br><br> Defendants. | Hon. Jose L. Linares <br> Civil Action No. 13-cv-1227 (JLL)(JAD) <br><br> **REPORT AND RECOMMENDATION** |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon motion by plaintiff Arch Bay Holdings, LLC-Series 2010B ("Plaintiff") to remand this case from the District of New Jersey to the Superior Court of New Jersey, Union County, Chancery Division pursuant to 28 <u>U.S.C.</u> § 1447 (the "Motion to Remand"). The Motion to Remand was referred to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** this matter was originally filed by Plaintiff on or around November 5, 2012, in the Superior Court of New Jersey, Union County, Chancery Division (Compl., ECF No. 1-2); and

**WHEREAS** defendants Regina R. Heidinger ("Heidinger") and Demetria Guiuan ("Guiuan") (together, "Defendants") removed the matter to this District on or about February 22, 2013, pursuant to 28 <u>U.S.C.</u> § 1446(a), with subject matter jurisdiction based on the existence of diversity pursuant to 28 <u>U.S.C.</u> § 1332(a); and

1

**WHEREAS** both Heidinger and Guiuan are residents of the State of New Jersey, residing in Union County and Essex County, respectively (Notice of Removal ¶ 5, ECF No. 1); and

**WHEREAS** Plaintiff filed the instant Motion to Remand on March 13, 2013, seeking to remand this action pursuant to 28 U.S.C. § 1441(b)(2) based on the fact that Defendants are both citizens of New Jersey; and

**WHEREAS** 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"; and

**WHEREAS** Defendants opposed the Motion to Remand on two grounds; and

**WHEREAS** first, Defendants argued that this case involves a federal question insomuch as Defendants included allegations in their brief in opposition to the Motion to Remand that Plaintiff violated the Truth in Lending Act, 15 U.S.C. § 1635, and/or Defendants' due process rights under the Fourteen Amendment to the United States Constitution (Opp. Br. 6-7, ECF No. 8); and

**WHEREAS** it is well established the removal cannot be based on a federal defense or counterclaim. See Palmer v. Univ. of Med. & Dentistry of New Jersey, 605 F. Supp. 2d 624, 630-31 (D.N.J. 2009) (citing Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (holding that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); see also Weingram & Associates, P.C. v. Grayzel, CIV.A. 10-2362 SDW, 2012 WL 6827546 (D.N.J. Dec. 20, 2012) report and recommendation

adopted, CIV.A. 10-2362 SDW, 2013 WL 705041 (D.N.J. Feb. 25, 2013) (ordering remand and finding that federal counterclaim cannot serve the basis for removal); and

**WHEREAS** second, Defendants argued that diversity jurisdiction exists because (i) neither of the Defendants was properly served; and/or (ii) Guiuan was misjoined. Defendants' argument regarding improper service does not result in the existence of removal jurisdiction. Defendants appear to argue that service was improper because it was made by ordinary mail and without the mortgage, note and/or assignment attached (Opp. Br. 7, ECF No 8), and, as a result, their citizenship should not be considered for purposes of determining removal jurisdiction. (Defs.' Ltr. dated May 13, 2013, ECF No. 14). However, Fed. R. Civ. P. 5(b)(2)(C) explicitly permits service by mail. ("A paper is served under this rule by . . . mailing it to the person's last known address – in which event service is complete upon mailing.").[1] Similarly, whether Guiuan was misjoined is inconsequential to this Court's determination that diversity jurisdiction does not exist. Section 1441(b)(2) provides that removal is inappropriate if *any* defendant is a citizen of the State in which an action is brought. The parties do not dispute that Heidinger is a

---

[1] Defendants further argued that service was improper because Plaintiff failed to attach the mortgage, note and/or assignment to the Complaint. (Opp. Br. 7, ECF No 8). In support of their argument, Defendants cited to numerous cases issued by Florida states courts, which were decided in the context of motions to dismiss where documents attached to the complaint contradicted the allegations of the complaint. See Safeco Ins. Co. of Am. v. Ware, 401 So. 2d 1129, 1131 (Fla. Dist. Ct. App. 1981); Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So. 2d 399 (Fla. Dist. Ct. App. 2000); Ginsberg v. Lennar Florida Holdings, Inc., 645 So. 2d 490, 496 (Fla. Dist. Ct. App. 1994); McKey v. D.R. Goldenson & Co., Inc., 763 So. 2d 409 (Fla. Dist. Ct. App. 2000). These cases, however, are inapposite to the proposition for which Defendants cite them for support—namely that service was invalid. Moreover, Defendants pointed to no New Jersey state or federal rule of court equivalent to Florida Rule of Civil Procedure 1.130, which provides that contracts "upon which action may be brought or defense made" or copies thereof "shall be incorporated in or attached to the pleading." Thus, the reasoning of these decisions is inapplicable to the instant dispute.

The Court also notes that Plaintiffs attached the mortgage, note and assignment to their motion to remand – a fact conceded by Defendants. (Defs.' Ltr. dated May 13, 2013, ECF No. 14). In light of Defendants' admitted receipt of these documents, their argument that service should be invalidated because of their inability to "carefully review the [m]ortgage [n]ote . . . so as to ensure that the provisions thereof do not contradict the allegations of the Complaint" (Id.) appears moot.

resident of New Jersey and, therefore, removal based on diversity fails pursuant to 28 U.S.C. 1441(b)(2); see also Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 90 (3d Cir. 1999) ("However, we note that this case was technically not removable under 28 U.S.C. § 1441 . . . as a civil action in which jurisdiction is based on diversity of citizenship may be removed 'only if **none** of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'")(emphasis added));

**IT IS** on this 29th day of May, 2013,

**RECOMMENDED** that Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447 be **granted;** and

**IT IS FURTHER RECOMMENDED** that the District Court remand this matter to the Superior Court of New Jersey, Union County, Chancery Division .

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Jose L. Linares, U.S.D.J.